UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KATHY WRAY COLEMAN, ) | CASE NO. 1:10 CV 2495 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY BOARD OF ) | AND ORDER |
| COMMISSIONERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Kathy Wray Coleman filed this action under 42 U.S.C. § 1983 against the former Cuyahoga County Board of Commissioners, former Cuyahoga County Sheriff Gerald McFaul, Cuyahoga County Warden Kevin McDonough, Midwest Medical Staffing, Inc., Physician Emmanuel O. Tuffour, Cuyahoga County Jail Director Kenneth Kochevar, Cuyahoga County Jail Health Care Manager Christine Dubber, Cuyahoga County Jail Booking Sergeant Kevin O'Donnell, Cuyahoga County Jail Nurse Patricia Ruzicka, Lyndhurst Municipal Court Judge Mary Kaye Bozza, Lyndhurst Municipal Court Visiting Judge Gustalo Nunez, Lyndhurst Municipal Court Clerk of Court Tina Furcsik, the City of Lyndhurst, Ohio, the City of Mayfield Heights, Ohio, Mayfield Heights Police Chief Joseph M. Donnelly, Mayfield Heights Patrolman T. Parker, Mayfield Heights Patrolman James Dvorak, Mayfield Heights Police Department Secretary Jill

Turner, Mayfield Heights Assistant City Prosecutor Dominic J. Vitantonio, Mayfield Heights City Prosecutor George Argie, Jr., Circuit City Department Store, Recovery Resources, Recovery Resources Social Worker Corey Miller, the Cleveland Clinic, Attorney Matthew Fitzsimmons, and the Law Firm of Nicola, Gudbranson, & Cooper. In the Complaint, Plaintiff alleges she has been the subject of numerous arrests and prosecutions. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis.* That Application is granted.

## Background

Ms. Coleman alleges she has been prosecuted multiple times to silence her writings in the Call and Post. She first claims she was charged with telephone harassment by the City of Beachwood, Ohio in February 2005. The charges stemmed from telephone calls she made to a Beachwood woman who had asked Ms. Coleman to stop calling her. The case was heard in the Shaker Heights Municipal Court which serves the City of Beachwood as well as other municipalities. Ms. Coleman claims the charges were pursued at the urging the of Beachwood Law Director, Margaret Cannon. She was acquitted of the charges in October 2005 and filed an action in the Cuyahoga County Court of Common Pleas against the City of Beachwood, the City of Shaker Heights, and Ms. Cannon in October 2006 asserting claims for malicious prosecution and abuse of process. That action was voluntarily dismissed, refiled, and eventually resolved in favor of the Defendants.

On August 27, 2007, misdemeanor charges of theft were brought against Ms. Coleman in the Lyndhurst Municipal Court. Ms. Coleman explains that Circuit City offered a sales promotion in which customers who purchased a lap top computer received a free wireless router. She contends

the free item actually provided by Circuit City was an ethernet converter. She claims that she returned the ethernet converter and attempted to exchange it. Circuit City reported the action to the police, and criminal charges were brought against Ms. Coleman for theft. She contends these charges were brought against her because Mayfield Heights Prosecutor Dominic Vitantonio was represented by Ms. Cannon's law firm on an unrelated matter, and because the Lyndhurst prosecutor represented Ms. Cannon and Shaker Heights on another case. Furthermore, she claims Judge Bozza's husband is a police officer for the City of Mayfield Heights.

Ms. Coleman's first arraignment on the theft charges was held on August 28, 2007 in the Lyndhurst Municipal Court, which serves the City of Mayfield Heights. She refused to enter a plea so a plea of "not guilty" was entered for her. Because she was in court after being served with a criminal citation, the Judge ordered that she be arrested and fingerprinted. At that point, Ms. Coleman reported she was having chest pains. Paramedics were called and she was taken to the Cleveland Clinic's South Pointe Hospital. She states her blood pressure was elevated. At the hospital, Ms. Coleman's mental health was also evaluated by Social Worker Corey Miller from Recovery Services.[1] A report was filed later with the Lyndhurst Municipal Court suggesting she had mental illness concerns.

Ms. Coleman had a second arraignment on September 4, 2007. She provides no details of this appearance, but mentions that disorderly conduct charges were either filed or threatened. After that hearing, Judge Bozza sent a letter to the Ohio Supreme Court voluntarily disqualifying herself from the case, and asking the Court to appoint a visiting judge. Judge Nunez accepted the

---

[1] Recovery Resources is a 501(c)(3) nonprofit community-based behavioral healthcare organization that helps people overcome mental illness, alcoholism, drug and other addictions. *See* http://www.recres.org

appointment to the case.

A series of contentious pre-trial hearings were held by Judge Nunez from November 2007 to September 2008. Ms. Coleman refused to appear for that first hearing and was told she would be held in contempt if she did not attend. Her attorney appeared in court and was permitted to withdraw from her case. Ms. Coleman did not attend the hearing and a capias was issued. She was ordered to appear at the next pre-trial scheduled for April 28, 2008. She did attend that hearing, and a verbal altercation took place between Ms. Coleman and Judge Nunez. She claims he wanted to evaluate her mental health. A third pre-trial was scheduled for June 20, 2008. She was told she would have to attend with or without counsel, or she would be held in contempt of court. She does not state if she appeared for the hearing, but claims that Judge Nunez issued a capias and ordered her to be jailed for twenty days. He also ordered a mental health evaluation for Ms. Coleman. She was arrested on the capias on August 7, 2008, at the Justice Center in Cleveland, Ohio where she was attending a hearing scheduled in her civil case against the City of Beachwood. During the course of this arrest, she claimed she was ill. She was transported to the Metro Health Medical Center where she was diagnosed with high blood pressure. Thereafter, she was taken to the Cuyahoga County Jail.

Ms. Coleman contends she was subjected to adverse conditions in the jail. It is difficult to ascertain from the pleading whether Ms. Coleman is referring to her incarceration on August 7, 2008, or some other arrest. She states that upon her arrival, she was given a shot by the nurse. She claims she was kept naked in an observation cell for a period of time while the medication took effect. She contends she was monitored by a male supervisor. Some time later, she was released to the general population where she remained for three days. On the fourth day, she was

-4-

transported to the Mayfield Heights jail. She states that she was told she would be released after a psychiatric examination was completed. She claims that although the psychiatrist recommended her involuntary commitment, she was released from jail. Her final pretrial hearing was held on September 30, 2008. She indicates the charges against her were dismissed without prejudice on February 13, 2009.

Ms. Coleman asserts seven counts for relief. Count I contains claims under 42 U.S.C. §1983 for violation of her First Amendment rights to Privacy and Freedom of Speech, her Eighth Amendment right to be free from cruel and unusual punishment, and her Fourteenth Amendment right to Equal Protection. Count II sets forth a state law claim for abuse of process. Count III is premised on the state law tort of false imprisonment. Count IV contains a claim for malicious prosecution. Count V asserts a state law tort claim of intentional infliction of emotional distress. Count VI contains claims for medical malpractice and negligence and Count VII asserts a violation of Ohio Revised Code § 2317.02.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S.

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

### 42 U.S.C. §1983

As an initial matter, it is apparent on the face of the Complaint that the statute of limitations for bringing a §1983 claim expired for most of Ms. Coleman's claims before she filed this action. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Ohio's two year statute of limitations for bodily injury applies to §1983 claims. Ms. Coleman's claims pertain to criminal actions brought in 2005 and 2007, court appearances from August 2007 until September 2008, and her incarceration in August 2008. This action was filed on November 1, 2010, well beyond the expiration of the two-year statute of limitations period. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), *cert. denied*, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by statute of limitations).

The Court is aware that Ms. Coleman previously filed a substantially similar action in this Court, which she voluntarily dismissed pursuant to Federal Civil Procedure Rule 41 on October 30, 2009. *See Coleman v. Cuyahoga County Board of Commissioners*, No. 1:09 CV 2164 (N.D. Ohio Oct. 30, 2009)(Boyko, J.). While the dismissal without prejudice permitted Ms. Coleman to refile the action, it did not extend or toll the statute of limitations period for her § 1983 claims. *Howell v. General Motors Corp.*, No. 00-3427, 2001 WL 856953, *4 (6th Cir. June 22, 2001). A dismissal

without prejudice leaves the situation the same as if the suit had never been brought. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987) (citing *Harris v. City of Canton*, 725 F.2d 371 (6th Cir.1984)); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir.1991). In the absence of statutory authority, a party cannot deduct from the period of the statute of limitations, the time during which the dismissed action was pending. *Wilson*, 815 F.2d at 27. There is no savings statute for the federal claims asserted. *Id.*

### **Malicious Prosecution**

The only claim asserted by Ms. Coleman which could be construed as a federal claim under 42 U.S.C. § 1983 and which is arguably not time barred, is her claim for malicious prosecution pertaining to the misdemeanor theft charges brought in the Lyndhurst Municipal Court on August 27, 2007. A malicious prosecution claim is cognizable under § 1983 as a Fourth Amendment violation. To establish a prima facie case for a malicious prosecution claim under § 1983, a Plaintiff must set forth four elements. First, Ms. Coleman must show that a criminal prosecution was initiated against her and that the Defendants made, influenced, or participated in the decision to prosecute. *Sykes v. Anderson*, Nos. 08-2088/2090/2118, 2010 WL 4453313, slip op. at *10 (6th Cir. Nov. 9, 2010). To be liable for "participating" in the decision to prosecute, the Defendant must act in a way that aids in the decision, as opposed to passively or neutrally participating in the process. *Id.*; *see Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001). Second, she must show that there was a lack of probable cause for the criminal prosecution. *Skyes*, Nos. 08-2088/2090/2118, 2010 WL 4453313, slip op. at *10; Fox, 489 F.3d at 237. Third, Ms. Coleman

must show that, "as a consequence of a legal proceeding," she suffered a "deprivation of liberty," apart from the initial seizure.  *Sykes*, Nos. 08-2088/2090/2118, 2010 WL 4453313, at *10; *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748–50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections . . . beyond an initial seizure," including "continued detention without probable cause").  Fourth, the criminal proceeding must have been resolved in Ms. Coleman's favor.  *Sykes*, Nos. 08-2088/2090/2118, 2010 WL 4453313, at *10; *see Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

To assert a malicious prosecution claim against any of the Defendants pertaining to the charges brought against her in the Lyndhurst Municipal Court in 2007, Ms. Coleman must first allege that these Defendants made, influenced, or participated in the decision to initiate the criminal prosecution against her.  There are no facts in the Complaint reasonably suggesting that the former Cuyahoga County Board of Commissioners, former Cuyahoga County Sheriff Gerald McFaul, Cuyahoga County Jail Warden Kevin McDonough, Midwest Medical Staffing, Inc., Physician Emmanuel O. Tuffour, Cuyahoga County Jail Director Kenneth Kochevar, Cuyahoga County Jail Health Care Manager Christine Dubber, Cuyahoga County Jail Booking Sergeant Kevin O'Donnell, Cuyahoga County Jail Nurse Patricia Ruzicka, Lyndhurst Municipal Court Visiting Judge Gustalo Nunez, Lyndhurst Municipal Court Clerk of Court Tina Furcsik, Mayfield Heights Police Chief Joseph M. Donnelly, Mayfield Heights Police Department Secretary Jill Turner, Mayfield Heights Patrolman T. Parker, Mayfield Heights Patrolman James Dvorak, Recovery Resources, Social Worker Corey Miller, the Cleveland Clinic, Attorney Matthew Fitzsimmons, or the Law Firm of Nicola, Gudbranson, & Cooper played any role in the initiation of the prosecution.  The malicious prosecution claims against them are dismissed.

It could be argued that Circuit City Department Store participated in the decision to prosecute Ms. Coleman; however, it is not subject to suit in a § 1983 action. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government entity, official or employee. Circuit City is a private corporation, not a government agency. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). There are no allegations in the Complaint under which Circuit City could be construed to be a state actor.

Although Lyndhurst Municipal Court Judge Mary Kaye Bozza presided over Ms. Coleman's arraignments, she is not liable to Ms. Coleman in a § 1983 action for malicious prosecution. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged,

although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Ms. Coleman contends Judge Bozza presided over her arraignments. At the time of the arraignment, she was acting in her capacity as a judicial officer, and the municipal court has subject matter jurisdiction to arraign Defendants within its territorial boundaries on misdemeanor criminal charges. Judge Bozza is entitled to absolute immunity from damages in this §1983 action.

The City of Lyndhurst, and the City of Mayfield Heights are not liable to Ms. Coleman for damages. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Ms. Coleman has not alleged a policy or custom of either City that violated her federal constitutional rights.

Finally, Ms. Coleman does not include specific allegations against Mayfield Heights Assistant City Prosecutor Dominic J. Vitantonio and Mayfield Heights City Prosecutor George Argie, Jr. If Ms. Coleman is seeking to hold them liable to her because they represented the City

of Mayfield Heights in her criminal case, they are entitled to absolute immunity. Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). To the extent that her claims against Mr. Vitantonio and Mr. Argie are based on actions they took as Prosecutors in her criminal case, they are immune from damages.

To the extent she is attempting to base her claims against these Defendants on some other

actions, she has not alleged sufficient information to state a claim. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard *Id.* Ms. Coleman's Complaint does not contain any factual allegations against Mr. Vitantonio and Mr. Argie. She has not satisfied the pleading requirements of Rule 8.

Furthermore, even if Ms. Coleman had shown that the Defendants directly participated in the decision to prosecute her, she has not alleged facts to suggest that there was a lack of probable cause for the criminal prosecution. *Skyes*, Nos. 08-2088/2090/2118, 2010 WL 4453313, slip op. at *10; Fox, 489 F.3d at 237. A police officer has probable cause if there is a "fair probability" that the individual to be arrested has either committed or intends to commit a crime. *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir.2001). Ms. Coleman's description of the alleged offense is vague. To support her contention that her prosecution was "illegal," she claims an injunction was pending against the Japanese manufacturer of the wireless router in an unrelated matter. (Compl. at 16.) She does not explain how this information is relevant to her criminal prosecution. There are not sufficient allegations to satisfy the federal notice the pleading requirements of Rule 8. *Iqbal*, 129 S.Ct. at 1949.

**State Law Claims**

The remainder of Ms. Coleman's claims are matter of state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of

operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Ms. Coleman's claims under 42 U.S.C. § 1983, this Court declines jurisdiction to hear her state law claims.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/9/11

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.